IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILIP ROMANELLI, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-2006 |
| | : | |
| CALIFORNIA BOARD OF | : | |
| REGISTERED NURSES, *et al.*, | : | |
|     Defendants. | : | |

### MEMORANDUM OPINION

**Schmehl, J.**     *s/JLS*                                                                                          **April 7, 2022**

## I.     INTRODUCTION

Plaintiff was found guilty of violating section 726, subdivision (a) of the California Business and Professions Code and voluntarily surrendered his nursing license in August 2009. He then twice applied to have his license reinstated but was denied both times. Plaintiff claims damage to his reputation and career, loss of employment, and negative effects on his health and personal wellbeing. He alleges violation of his First Amendment right to peaceably assemble, deprivation of rights under 42 U.S.C. § 1983 as well as several state law claims. Upon review of Defendant's Motion, as well as Plaintiff's opposition thereto, I will grant Defendant's motion and dismiss Plaintiff's Amended Complaint.

## II.     FACTS

Plaintiff's Amended Complaint is difficult to follow, but alleges that Plaintiff was a Registered Nurse working in California. On August 7, 2009, the California Board of Registered Nursing ("CBRN") found Plaintiff guilty of a violation of the California Business and Professions Code ("BPC") §726 (a) for "having inappropriate relations with a patient." Amended Compl., p. 10. Plaintiff voluntarily surrendered his nursing license, and applied for reinstatement on

December 29, 2009, and September 15, 2015. ECF No. 4, p. 10. His reinstatement applications were denied both times. Thereafter, Plaintiff filed this action.

### III. LEGAL STANDARD

A motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(1) challenges a court's subject-matter jurisdiction over the plaintiff's claims. Fed. R. Civ. P. 12(b)(1). "At issue in a Rule 12(b)(1) motion is the court's very power to hear the case." *Judkins v. HT Window Fashions Corp.*, 514 F.Supp.2d 753, 759 (W.D. Pa. 2007), *quoting Mortensen v. First Federal Savings & Loan Assoc.*, 549 F.2d 884, 891 (3d Cir. 1977). As the party asserting that jurisdiction exists, Plaintiff bears the burden of showing that his or her claims are properly before the court. *Development Finance Corp. v. Alpha Housing & Health Care*, 54 F.3d 156, 158 (3d Cir. 1995).

In reviewing a Rule 12(b) (1) motion, a court must determine whether the attack on its jurisdiction is a facial attack or a factual attack. A facial attack challenges the sufficiency of the plaintiff's pleadings on jurisdictional grounds. *Petruska v. Gannon University,* 462 F.3d 294, 302, n. 3 (3d Cir.2006). When considering a facial attack, a court must accept the allegations contained in the plaintiff's complaint as true. *Id.* A factual attack on the court's jurisdiction must be treated differently. *Id.* When considering a factual attack, the court does not attach a presumption of truthfulness to the plaintiff's allegations, and the existence of disputed material facts does not preclude the court from deciding for itself whether jurisdiction over the plaintiff's claims can be properly exercised. *Mortensen,* 549 F.2d at 891.

### IV. DISCUSSION

In the instant matter, Defendant, California Board of Registered Nursing, argues that it is immune from Plaintiff's claims due to the immunity provided to states under the Eleventh Amendment. All states and state entities are entitled to immunity under the Eleventh Amendment. *Lombardo v. Pennsylvania Dept. of Public Welfare*, 540 F.3d 190, 194-95 (3d Cir. 2008).

However, there are two ways that a state may lose this immunity: Congress can explicitly abrogate it in a particular statute, or a state can waive it with regard to a particular statute. *See Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238 (1985) ("[I]f a State waives its immunity and consents to suit in federal court, the Eleventh Amendment does not bar the action."); *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456 (1976) ("Congress may, in determining what is 'appropriate legislation' for the purpose of enforcing the provisions of the Fourteenth Amendment, provide for private suits against States or state officials which are constitutionally impermissible in other contexts."). A state's sovereign immunity also shields "instrumentalities" or "arms" of the state, not including counties or municipalities. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

In this case, the CBRN is an arm of the State of California and is entitled to Eleventh Amendment immunity. *See Sabatini v. Cal. Bd. Registered Nursing*, 2019 WL 1082445, at *2 (S.D. Cal. Mar. 7, 2019) ("the Board of Registered Nursing is a California state agency"). "There is in the California state government the Business, Consumer Services, and Housing Agency," which consists of various departments, including the Department of Consumer Affairs. Cal. Gov't Code § 12804. The California Department of Consumer Affairs includes the Board of Registered Nursing. Cal. Bus. & Prof. Code § 2701. The CBRN is responsible for administering the statutory scheme governing licensing of registered nurses in the State of California. Cal. Bus. & Prof. Code § 2732. It is also responsible for disciplining the registered nurses it has licensed, up to and including revocation of that license. Cal. Bus. & Prof. Code §§ 2701, 2750, 2759. "The Board's authority to take disciplinary action against a licensed nurse derives from the state's inherent power to regulate the use of property to preserve public health, morals, comfort, order and safety." *Griffiths v. Superior Ct.*, 96 Cal.App.4th 757, 768-769 (Cal. Ct. App. 2002). Thus, the CBRN is an instrumentality of the state and sovereign immunity applies. Therefore, Plaintiff's claims lack subject matter jurisdiction and must be dismissed.

Plaintiff's Complaint also contains state law claims. However, 28 U.S.C. § 136, the statute governing supplemental jurisdiction, does not authorize district courts to exercise jurisdiction over claims against non-consenting states such as California. *Raygor v. Regents of the University of Minnesota*, 534 U.S. at 541-542 ("[W]e hold that §1367(a)'s grant of jurisdiction does not extend to claims against nonconsenting state defendants."); *see also, Balsam v. Secretary of New Jersey*, 607 Fed. Appx. 177, 183 (3d Cir. 2015). Accordingly, I decline to exercise supplemental jurisdiction over Plaintiff's state law claims and this matter will be dismissed in its entirety.

## V. CONCLUSION

For all of the foregoing reasons, Defendant's Motion is granted and Plaintiff's Amended Complaint is dismissed.